## Bonus on Corporation Stock.

*Corporations—Taxation—Bonus on stock—Corporations of the first class —Act of April 20, 1927.*

1. Under the Act of April 20, 1927, P. L. 322, a corporation of the first class organized since the passage of the act is liable for a bonus upon its authorized capital stock and upon any subsequent actual increase thereof.

2. A corporation of the first class having a capital stock, incorporated prior to the Act of April 20, 1927, P. L. 322, is liable for bonus upon the amount of any actual increase of such capital stock made after the passage of the act.

Department of Justice.   Opinion to Hon. Edward Martin, Auditor General.

METZGER, Dep. Att'y-Gen., Oct. 24, 1927.—This department is in receipt of your letter of Oct. 20th, asking to be advised upon the following questions:

1. Is a corporation of the first class, having capital stock and organized since the passage of the Act of April 20, 1927, P. L. 322, required to pay bonus upon incorporation on the amount of capital stock which it is authorized to have and on subsequent actual increases thereof?

2. Is a corporation of the first class, having capital stock, incorporated prior to the Act of April 20, 1927, P. L. 322, liable for bonus on the amount of actual increase of its capital stock, made after the passage of said act?

The Act of April 20, 1927, P. L. 322, reads in part as follows:

"Section 2. Imposition of Bonus.  A bonus of one-fifth of one per centum is hereby imposed for State purposes as follows:

"*(a)* Upon the amount of the capital stock which *any* corporation hereafter incorporated is authorized to have, and upon the amount of actual increase of the capital stock of *any* corporation heretofore or hereafter incorporated. . . . .

"Section 3. Exceptions.  No bonus shall be imposed or be collected, under the provisions of this act, . . . *(b)* from any corporation named in the first class, of section two of the Act approved the twenty-ninth day of April, one thousand eight hundred and seventy-four (Pamphlet Laws seventy-three), entitled 'An act to provide for the incorporation and regulation of certain corporations,' *which does not have any capital stock. . . .*"

Clearly, the general language of section 2 *(a)* is sufficiently broad to comprehend corporations of the first class.

It is equally clear that the legislature has expressed its intention awkwardly in section 3 *(b)*.  Section 3 purports to specify three exceptions, and yet that which is comprehended in sub-division *(b)* cannot, strictly speaking, be said to be an exception, since, with respect to a domestic corporation, bonus

Bonus on Corporation Stock.

for many years has necessarily been strictly incident to capital stock. In other words, if by sub-division *(b)* the legislature meant merely to except from the class of corporations subject to bonus those of the first class which have no capital stock, it has done a vain thing, for that would have been the law had there been no such express exception specified. Neither is it reasonable to suppose that, in employing the wording found in section 3 *(b)*, the legislature desired to make it clear that in the case of first class domestic corporations, without any capital stock, bonus would not be charged upon capital, as distinguished from capital stock, as in the case of foreign corporations doing business in Pennsylvania, and certain limited partnership associations, inasmuch as there was then in force in Pennsylvania no statute imposing bonus upon the capital, as distinguished from the capital stock, of a domestic corporation.

We cannot impute to the legislature an intention to do a vain thing or an intention to use words which are entirely meaningless. It is to be presumed, therefore, that when the words "which does not have any capital stock" were employed to conclude sub-division *(b)* respecting the exception of corporations of the first class from the general group of corporations subject to bonus, the legislature intended that corporations of the first class *with capital stock* should be subject to bonus. This conclusion finds further support, if any is needed, in the wording of the former Bonus Act of May 3, 1899, P. L. 189 (repealed by Act No. 193 of the 1927 Session, here under consideration), which reads in part as follows:

"Section 1. Be it enacted, &c., that all corporations hereafter created under any general or special law of this Commonwealth, except building and loan associations, and excepting all corporations named in the first class of section two of an act entitled 'An act to provide for the incorporation and regulation of certain corporations,' approved the twenty-ninth day of April, Anno Domini one thousand eight hundred and seventy-four, shall pay to the State Treasurer. . . ."

It is to be noted that the 1899 Bonus Act did not conclude the provision which excepted corporations of the first class from the imposition of bonus with the words "which does not have any capital stock." It thus excepted all corporations of the first class from liability for bonus, whether they had a capital stock or not.

Construing section 2 *(a)* and section 3 *(b)* together, we accordingly advise you:

1. That a corporation of the first class, organized since the passage of the Act of April 20, 1927, P. L. 322, which first provides for an authorized capital stock upon incorporation, or at a later time, is liable for bonus upon such authorized capital stock; also, that it is liable for bonus upon any subsequent actual increases thereof.

2. That a corporation of the first class having a capital stock, incorporated prior to the Act of April 20, 1927, P. L. 322, is liable for bonus upon the amount of any actual increase of this capital stock made after the passage of said act. This conclusion does not give to the act any retroactive effect, and section 6 provides that: "Upon the actual increase of the capital stock of *any* corporation, it shall be the duty of the president or treasurer thereof, within thirty days thereafter, to make a return to the Secretary of the Commonwealth of the amount of increase actually made; and, concurrently therewith, such corporation shall pay to the Secretary of the Commonwealth the bonus due on such increase of capital stock."

From C. P. Addams, Harrisburg, Pa.